NOT DESIGNATED FOR PUBLICATION

No. 112,857

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JAMES A. LEBEUF,
*Appellee*.


MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed September 25, 2015. Affirmed.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Andy Vinduska*, of Manhattan, for appellee.


Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.


*Per Curiam*: The State appeals the district court's decision to grant James Lebeuf's departure motion. The State contends that the district court's decision was in error because there were no substantial and compelling reasons to grant the departure. Although we find that some of the departure factors relied upon by the district court to be unsupported by substantial competent evidence, we find that the district court was not in error to grant the departure motion based on the factors that had proper evidentiary support.

1

The relevant facts are as follows. Lebeuf was an inmate at the Clay County Jail. While on work release, he began smuggling items into the jail. Lebeuf then began to steal items from the jail, including such things as computers, cameras, cash, and firearms. Lebeuf would deposit these items in designated pick up areas where his contact on the outside would retrieve them and would leave behind drugs (usually methamphetamine).

Eventually, Lebeuf was caught and confessed to the investigator assigned to the case. Lebeuf was then charged with trafficking contraband in a correctional facility, aiding and abetting trafficking contraband in a correctional facility, felony theft, possession of methamphetamine, and misdemeanor criminal damage to property. Lebeuf entered into a plea agreement with the State wherein he pled no contest to the charge of trafficking contraband in a correctional facility, a severity level 5 felony. As part of the plea agreement, the remaining charges were dismissed by the State. The plea agreement also permitted Lebeuf to seek a departure sentence.

According to the presentence investigation report, Lebeuf had a "C" criminal history score, and his presumptive sentence was prison. At sentencing, the district court granted Lebeuf's motion for a departure and ordered a dispositional departure to probation. The factors relied upon by the district court to support the dispositional departure were: (1) Lebeuf's age; (2) that Lebeuf had no recent history of violence; (3) that drug treatment would better protect society than a prison disposition; and (4) reasons "pretty much as stated by [Lebeuf's] attorney to the court." The factors argued by defense counsel were that the degree of harm was significantly less than typical, that Lebeuf had accepted responsibility for his conduct, and that Lebeuf was addicted to methamphetamine.

On appeal, we first look to determine whether substantial competent evidence exists in the record to support the departure factors relied upon by the district court. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). "Substantial evidence is evidence that

2

possesses both relevance and substance and that furnishes a substantial basis of fact from which the issues can reasonably be resolved." *Wilkins v. State*, 286 Kan. 971, 980, 190 P.3d 957 (2008).

With respect to those departure factors that are supported by substantial competent evidence, the district court must view the mitigating circumstances and weigh those circumstances against any aggravating circumstances to ultimately determine whether substantial and compelling reasons warrant a departure. *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013). "Substantial" means something real, not imagined; something with substance, not ephemeral. *Bird*, 298 Kan. at 397. "Compelling" means that the court is forced, by the facts of the case, to leave the status quo or go beyond what is ordinary. 298 Kan. at 397. Appellate review of the district court's weighing of these factors is for an abuse of discretion. *Rochelle*, 297 Kan. at 45.

In this case, the State argues that departure factors relied upon by the district court were either not supported by substantial competent evidence, or were applied by the district court in a fashion that constitutes abuse of discretion. The State's concerns are justified with respect to two of the factors relied upon by the district court—Lebeuf's age, and the degree of harm being less than typical.

As to age, in *State v. Favela*, 259 Kan. 215, 235, 911 P.2d 792 (1996), the court held that the defendant's age (17 years old) was not a substantial and compelling reason to justify a departure as a matter of law, but it could be considered "as part of the entire package." In this case, the district court did not articulate why Lebeuf's age (24 years old at the time of the crime, and 25 years old at the time of sentencing) was in any way significant. The State correctly notes that by the time Lebeuf reached his 25th birthday, he had accumulated a "C" criminal history score and had served time in prison. There is not substantial competent evidence that Lebeuf's age should have been considered "as part of the entire package" in this case.

Likewise, there is not substantial competent evidence to support the district court's determination that the degree of harm in this case was less than typical of any other case involving trafficking of contraband in a corrections facility. The State argues that the degree of harm in this case was actually an aggravating factor because the items that were involved included drugs and firearms. The district court did not articulate why, given these facts, the degree of harm in this case was less than typical.

As to the remaining factors relied upon by the district court to support a departure sentence, we find that those factors were supported by substantial competent evidence. The presentence investigation report supports the district court's finding that Lebeuf had no recent history of violent crime. By pleading no contest, Lebeuf elected not to contest the charge and to accept a conviction. The drug and alcohol evaluation confirmed Lebeuf's addiction to methamphetamine and that there was a treatment program available to treat this addiction.

The question then becomes whether the district court abused its discretion by imposing a departure sentence based on the factors that are supported by the evidence. The district court abuses its discretion when no reasonable person would take the view adopted by the district court. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013).

In *State v. Bird*, 298 Kan. 393, 399, 312 P.3d 1265 (2013), our Supreme Court noted that among the principles underlying the Kansas Sentencing Guidelines Act is that "incarceration should be reserved for serious/violent offenders who present a threat to public safety." In this case, the district court determined: (1) that Lebeuf's nonviolent offense was motivated by an addiction to methamphetamine; (2) that there was a drug treatment program available to address Lebeuf's methamphetamine addiction; (3) that sending Lebeuf to prison without first giving him the opportunity for drug treatment would not address the underlying problem that motivated the commission of the crime for which he was convicted; and (4) that society was better served by allowing a nonviolent

4

offender who had accepted responsibility for his actions the opportunity for drug treatment rather than imposing the presumptive prison term.

We cannot say that no reasonable person would take the view adopted by the district court. Consequently, the district court did not abuse its discretion by granting Lebeuf a dispositional departure to probation.

Affirmed.