No. 103,855

STATE OF KANSAS, *Appellant*, v. SEAN BIRD, *Appellee*.

(312 P.3d 1265)

Opinion filed November 22, 2013.

*Ellen H. Mitchell*, county attorney, argued the cause, and *Steve Six*, attorney general, was with her on the brief for appellant.

*Janine A. Cox*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: We granted Sean Bird's petition for review seeking reversal of the Court of Appeals' decision vacating the district court's imposition of a downward durational departure sentence. Because we conclude substantial competent evidence supports at least two of the mitigating factors found by the district court and those factors, when considered together, constituted substantial and compelling reasons to depart, we reverse the panel's decision and affirm the district court's departure sentence.

### FACTUAL AND PROCEDURAL BACKGROUND

After Bird was arrested for robbing a Taco John's restaurant, law enforcement officers executed a search warrant on his home and discovered controlled substances and drug paraphernalia. Based on this evidence, the State charged Bird with robbery, criminal threat, possession of cocaine, possession of marijuana, and possession of drug paraphernalia. Bird eventually pled guilty to possession of cocaine, and in return the State dismissed the remaining drug charges. A jury convicted Bird of criminal threat and a lesser-included theft charge but acquitted him of robbery.

Prior to sentencing, Bird filed a motion for a downward durational and dispositional departure. The motion did not specify the crimes for which he sought a departure, but it did cite several factors in support of his request, including his acceptance of responsibility for his actions; his lack of capacity for judgment at the time of the offense because of a mental impairment; and his promise to participate in a proposed rehabilitation plan.

At the sentencing hearing, the State opposed any departure and sought the maximum penalty for each conviction—42 months' imprisonment for possession of cocaine, 7 months' imprisonment for criminal threat, and the 12 months already served for the theft conviction. At the hearing, Bird also was sentenced for battery and theft convictions stemming from a similar but separate offense at a Dillon's store. In that case, the State sought a controlling sentence of 12 months' imprisonment with the sentence to run consecutive to his sentences in this case.

Bird testified in support of his departure motion, asking the court to grant him probation. Bird testified that just before he committed the Taco John's and Dillon's offenses, his fiance had experienced "graphic" back-to-back miscarriages, which caused him significant stress. Consequently, Bird claimed he "wasn't working with a rational mind" when he committed the crimes. Bird concluded he does not deal well with tragedy, and he stressed that he is not a "violent, personal crime offender that notoriously hurts, preys on people."

Consistent with this message, Bird testified he committed the two robberies reflected in his criminal history with "[n]o weapon, no force, [and] no threat." He further explained that he committed the prior robberies within 24 hours of each other and in the 2-week period preceding the robberies his father died and he lost his 6-month-old daughter to Sudden Infant Death Syndrome. Bird also characterized a prior conviction for residential burglary as a nonviolent crime that occurred when he entered a friend's house to reclaim property he thought was his.

Bird testified he did not begin using drugs until he was age 23, about the time his mother died, and that he was clean for 6 years until the deaths of his father and infant daughter. Bird stated he never sold drugs and the cocaine found in his home was residue from an empty baggie. Bird expressed his willingness to complete a recovery program and indicated he had job opportunities awaiting him and a support network of family and churches.

Before imposing sentence, the district court characterized Bird's life as "a Nashville source of lyric for music," and described Bird's thefts as "impulse type crimes" unlikely to result in large economic gain. The court noted the lack of any apparent logic to Bird's high-risk, low-reward crimes, and further pointed out that the thefts at both Taco John's and Dillon's resulted in only brief physical contact with the victims and limited monetary and property damage.

Ultimately, the district court denied Bird's probation request but concluded substantial and compelling reasons justified a departure from the sentencing guidelines for Bird's conviction for cocaine possession. The court departed to a 24-month sentence from the guidelines range of 37 to 42 months and, in doing so, relied on

"the nature of the crime, the nature of the harm and safety to the public in the future, the issue[] of non-injury and [Bird's] acceptance of responsibility." But the district court refused to depart from the sentence on Bird's remaining convictions and ran the sentences for those convictions concurrent with his cocaine possession sentence.

The State appealed the district court's departure, making a two-pronged argument: (1) The departure reasons were unsupported by substantial competent evidence; and (2) the departure reasons were not substantial and compelling as a matter of law. Specifically, the State contended the district court improperly relied upon reasons related only to the robbery and theft convictions but not to the cocaine possession conviction for which the departure was granted.

Substantially agreeing with the State, the Court of Appeals panel concluded "mitigating factors that appear to have been related to crimes other than the crime of conviction may not be considered 'substantial and compelling reasons' to depart [from] the guidelines." *State v. Bird*, No. 103,855, 2010 WL 5185821, at *4 (Kan. App. 2010) (unpublished decision). Apparently based on this rationale, the panel rejected the district court's consideration of the nature of the harm, safety to the public, and the lack of injury as mitigating factors. The panel opined that these factors "seem rather strange factors for a possession offense." 2010 WL 5185821, at *3. Further, the panel speculated that the district court was "confused regarding which of the crimes or cases was being sentenced when these factors were stated." 2010 WL 5185821, at *3.

The panel next rejected the remaining two mitigating factors found by the district court—nature of the crime and acceptance of responsibility—concluding these factors were inconsistent with the principles underlying the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq. Bird*, 2010 WL 5185821, at *3-4. Accordingly, the panel vacated the departure sentence and remanded the case to the district court, directing it to impose a presumptive guidelines sentence or make additional findings warranting a departure. 2010 WL 5185821, at *4.

We granted Bird's petition for review under K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

## TWO OF THE FACTORS THE DISTRICT COURT RELIED UPON TO DEPART WERE SUPPORTED BY SUBSTANTIAL COMPETENT EVIDENCE AND PROVIDED SUBSTANTIAL AND COMPELLING REASONS TO DEPART.

On review, Bird contends the panel erred in concluding the mitigating factors cited by the district court did not relate to the crime of conviction. Further, Bird contends the panel erred in concluding as a matter of law that two of the factors were inconsistent with the guidelines.

### Appellate Review of Departure Decisions

A sentencing court is required to "impose the presumptive sentence provided by the sentencing guidelines . . . unless the judge finds substantial and compelling reasons to impose a departure." K.S.A. 21-4716(a). "To be substantial the reason must be real, not imagined, and of substance, not ephemeral." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). A reason is "compelling" when it "forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." 285 Kan. at 724.

Although K.S.A. 21-4716(c) contains a list of potential departure factors, the list is nonexclusive, and a sentencing court can rely on nonstatutory factors to depart as long as the factors are consistent with the principles underlying the KSGA. See 285 Kan. at 725. Regardless of whether the district court cites statutory factors, nonstatutory factors, or a combination of both, " '[r]easons which may in one case justify departure may not in all cases justify a departure.' " *State v. McKay*, 271 Kan. 725, 730, 26 P.3d 58 (2001) (quoting *State v. Grady*, 258 Kan. 72, 83, 900 P.2d 227 [1995]).

Our standard of review for departure decisions depends on the issue presented. When we consider whether the record supports an articulated reason for departing, we review for substantial competent evidence. *State v. Spencer*, 291 Kan. 796, 807, 248 P.3d 256 (2011). In contrast, when we determine whether a particular factor can

*"ever*, as a matter of law, be substantial and compelling in *any* case," our review is unlimited. 291 Kan. at 807. Finally, when the record supports the articulated departure reasons and the articulated reasons are legally valid, we apply an abuse of discretion standard to determine whether a particular mitigating factor constituted a substantial and compelling reason to depart. 291 Kan. at 807.

When even one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld. Conversely, each individual factor, standing alone, need not be sufficient to justify the departure if the reasons collectively constitute a substantial and compelling basis for departure. *Blackmon*, 285 Kan. at 725.

As discussed below, because we do not agree with the panel's legal conclusion rejecting acceptance of responsibility as a mitigating factor or its factual conclusion rejecting the low risk of danger to the public as a mitigating factor, we reverse the panel's decision without considering its broader holding that mitigating factors related to crimes other than the crime of conviction may not be considered substantial and compelling reasons to depart from the guidelines.

### Acceptance of Responsibility

As noted, because the panel found the mitigating factor of acceptance of responsibility to be inconsistent with the principles underlying the KSGA, it did not consider whether the record supported that factor. *Bird*, 2010 WL 5185821, at *3-4. Further, the panel appeared to arrive at this conclusion on its own, as it was not argued by the parties.

Significantly, at oral argument before this court, the State agreed that acceptance of responsibility is consistent with the principles and purposes of the guidelines and can be an appropriate departure factor. But the State clarified that it contends the record does not support a finding of acceptance of responsibility in this case.

We agree with the district court and the parties here that acceptance of responsibility can be a mitigating factor in support of a departure. As we have often noted, a sentencing court can con-

sider nonstatutory factors as long as the factors are consistent with the principles underlying the KSGA. See, *e.g.*, *Blackmon*, 285 Kan. at 725. Some of the underlying principles we have recognized are: incarceration should be reserved for serious/violent offenders who present a threat to public safety; sanctions should be imposed based on harm inflicted; sanctions should be uniform and not related to socioeconomic factors, race, or geographic location; penalties should be clear so as to be understood; individuals should not be sent to prison solely to gain education or job skills; and the system must be rational to allow policymakers to allocate resources. *State v. Favela*, 259 Kan. 215, 233, 911 P.2d 792 (1996). In addition, this court has recognized three legislative purposes of the KSGA: (1) to reduce prison overcrowding; (2) to protect public safety, and (3) to standardize sentences so similarly situated offenders are treated the same. See *McKay*, 271 Kan. at 730.

Because a defendant's acceptance of responsibility is consistent with the underlying principles of and legislative purposes behind enacting the KSGA, the district court properly considered it as a nonstatutory departure factor. See *State v. Robison*, 290 Kan. 51, 55-56, 222 P.3d 500 (2010) (noting district court considered acceptance of responsibility as potential mitigating factor but affirming district court's denial of motion to depart under K.S.A. 21-4643[d]); *State v. Spotts*, 288 Kan. 650, 654-56, 206 P.3d 510 (2009) (same); 18 U.S. Sentencing Guidelines Manual § 3E1.1(a) (2012) (permitting decrease of offense level by two levels if offender demonstrates acceptance of responsibility).

Next, we consider whether substantial competent evidence supports the district court's decision to depart based on acceptance of responsibility. Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion. *State v. Schultz*, 289 Kan. 334, 340, 212 P.3d 150 (2009).

Contrary to the State's argument, the record includes evidence of acceptance of responsibility with respect to the controlling drug crime on which the district court departed. Specifically, the record shows that Bird pled guilty to the controlling crime of cocaine possession, saving the State and its witnesses significant trial preparation, time, and expense. Further, at the sentencing hearing,

when questioned under oath by defense counsel, Bird acknowledged that the baggie containing cocaine residue that led to his possession conviction was found in his home and that he had prior drug convictions and problems, and he went so far as to say that he was "surely more than guilty." Bird was directly asked by defense counsel, "You don't deny your responsibility?" He replied, "No doubt."

Under the circumstances of this case, we conclude substantial competent evidence supports the district court's conclusion that Bird accepted responsibility for his drug crimes.

### Low Risk of Danger to the Community

The district court also relied upon "the nature of harm and safety to the public in the future" and the issue of "non-injury" as mitigating factors in support of departure. The Court of Appeals panel rejected these factors, concluding they "appear[ed]" to have been unrelated to the crime for which defendant ultimately received a departure, possession of cocaine. *Bird*, 2010 WL 5185821, at *3. Further, the panel speculated that these factors "seem rather strange factors for a possession offense." 2010 WL 5185821, at *3. But we need not address the panel's conclusion that the district court may never consider factors related to crimes other than the crime for which a departure ultimately was granted because here, at least with respect to whether Bird presented a low risk of danger to the community, the district court did not rely solely on circumstances relating to the nondrug crimes.

Instead, the district court's questioning and comments at the sentencing hearing reveal that in finding Bird to be a low risk of danger to the community, the court relied on Bird's personal circumstances, including family and church support, as well as the nonviolent nature of all of his past crimes, not just the theft crimes.

We have previously held that the protection of community safety is a factor that may serve as a substantial and compelling reason to depart from a presumptive sentence. See *State v. Murphy*, 270 Kan. 804, 807-09, 19 P.3d 80 (2001), *abrogated on other grounds by State v. Martin*, 285 Kan. 735, 175 P.3d 832 (2008). Additionally, evidence that a defendant is peaceful, mild-mannered, and

nonviolent supports the conclusion that the defendant is not a threat to society, which may be a factor that serves as a substantial and compelling reason to depart from a presumptive sentence. See *Grady*, 258 Kan. at 87-88.

Further, consideration of whether Bird posed a danger to the public is consistent with the principles of the guidelines, including reservation of prison space for serious/violent offenders who present a threat to public safety, and protection of the public. See *Favela*, 259 Kan. at 238-39. Under these circumstances, we conclude the district court properly considered whether Bird posed a danger to the public and that its finding is supported by substantial competent evidence and presents a legally appropriate reason to depart.

Finally, we conclude that when considered together, Bird's acceptance of responsibility and his lack of danger to the public provide substantial and compelling reasons to depart. Therefore, the district court did not abuse its discretion in departing.

The Court of Appeals' decision vacating the district court's departure is reversed, and the district court's departure sentence is affirmed.