NOT DESIGNATED FOR PUBLICATION

No. 113,272

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

CURTIS IRIS GRICE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed March 25, 2016. Affirmed.

*Michael G. Jones*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Amy J. Ahrens*, of Ahrens Law Office, of Leavenworth, for appellee.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

BUSER, J.: The State appeals the district court's granting of Curtis Iris Grice's motion for a dispositional departure sentence. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Grice of theft, in violation of K.S.A. 2012 Supp. 21-5801(a)(1), (b)(6), for stealing a bottle of Tanqueray Gin from Brewski's Liquor on April 28, 2013. The liquor was valued at $25.91. Although a first-time theft of the liquor would have been a misdemeanor, the State charged Grice with a severity level 9 nonperson felony

1

because he had committed two or more prior theft convictions. See K.S.A. 2012 Supp. 21-5801(b).

After Grice's conviction, a presentencing investigation (PSI) report was prepared which detailed his lengthy criminal history. Among the 33 convictions listed were a Missouri conviction for stealing from a dwelling in 1979; Georgia convictions for theft in 1994 and shoplifting in 1995; 10 Kansas convictions for theft dated 1996 through 2006; and two Kansas convictions for attempted theft in 1994 and 2009.

Sentencing occurred on December 19, 2014. Grice had a criminal history classification of B and two special sentencing rules applied to his sentencing. First, Grice had three or more prior convictions for felony theft, burglary, or aggravated burglary. See K.S.A. 2012 Supp. 21-6804(p). Second, he was on parole for a felony when he committed this crime. See K.S.A. 2012 Supp. 21-6604(f)(1). The presumptive sentence for Grice's theft conviction was 13 to 15 months' presumptive imprisonment. See K.S.A. 2012 Supp. 21-6804(a).

Although the presumptive sentence was prison, Grice moved for a dispositional departure to probation because he alleged the degree of harm resulting from the theft was significantly less than a typical theft, he had continuously shown his willingness to cooperate with court orders, and granting his request would promote his rehabilitation by allowing him to obtain substance abuse treatment.

While the State acknowledged the "low value" of the bottle of gin, the State opposed the departure motion and urged the sentencing court to impose a prison sentence because Grice's extensive criminal history demonstrated that he had a propensity to steal.

After considering the parties' arguments, the sentencing court granted Grice a dispositional departure. He was sentenced to 14 months' imprisonment but granted

2

probation for 12 months under the supervision of community corrections. A special condition of probation was that Grice serve 60 days in jail.

The State timely appealed the departure sentence. Of note, Grice served his 60-day jail term and was released on probation on February 25, 2015.

DISPOSITIONAL DEPARTURE SENTENCE

On appeal, the State presents a two-fold argument. First, it contends the sentencing court erred by granting Grice a dispositional departure that was, in part, not supported by substantial competent evidence. Second, the State asserts the sentencing court's reasons for granting the departure were not substantial and compelling. On the other hand, Grice counters that the degree of harm caused by the theft was significantly less than a typical theft and, as a result, the departure sentence was an appropriate exercise of judicial discretion.

At the outset, it is necessary to summarize Kansas law regarding departure sentences. A sentencing court shall impose the presumptive sentence provided by the Kansas Sentencing Guidelines Act (Guidelines) unless the judge finds "substantial and compelling reasons to impose a departure sentence." K.S.A. 2012 Supp. 21-6815(a). If the sentencing court determines that a departure is warranted, it must "state on the record at the time of sentencing the substantial and compelling reasons for the departure" and make findings of fact as to those reasons. K.S.A. 2012 Supp. 21-6815(a); K.S.A. 2012 Supp. 21-6817(a)(4).

Our Supreme Court has provided helpful guidance in the interpretation of statutes relating to departure sentences. For example, "substantial" means something real, not imagined; something with substance, not ephemeral. *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). "Compelling" means that the circumstances of the case force

3

the sentencing court "to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." 285 Kan. at 724. The Supreme Court has also emphasized the individualized, fact-intensive inquiry involved in the determination of whether a departure sentence should be granted, observing that "'"[r]easons which may in one case justify departure may not in all cases justify a departure."'" *State v. Martin*, 285 Kan. 735, 744, 175 P.3d 832 (2008).

Next, we consider our appellate court's standard of review in analyzing issues relating to departure sentences. Not surprisingly, the standard of appellate review depends on the question raised. An appellate court applies a substantial competent evidence standard when the question on appeal is whether the record supports the particular reasons for departure articulated by the sentencing judge. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). Substantial competent evidence is evidence possessing both relevance and substance that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

Appellate review is de novo, however, when the question involves a determination of whether a particular mitigating or aggravating factor found by the sentencing court "can 'ever, as a matter of law, be substantial and compelling in *any* case.'" *Bird*, 298 Kan. at 397-98.

Finally, when the record supports the district court's reasons supporting the departure and those reasons are legally valid, an appellate court utilizes an abuse of discretion standard to decide whether the sentencing judge based his or her conclusion that substantial and compelling reasons warranted a departure upon a proper weighing of the mitigating and any aggravating circumstances. 298 Kan. at 398; *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293, *cert. denied* 134 S. Ct. 270 (2013).

4

Given the multifaceted approach of the State's claim of error, all three appellate standards of review will be utilized in resolving this appeal.

Based on the district judge's statements made at sentencing, the dispositional departure was granted because the theft of liquor was a petty crime, and given prison overcrowding, it was not cost effective to incarcerate Grice in prison when a less-costly 60-day jail sentence and probation would provide punishment and comply with the purposes of the Guidelines.

As the sentencing judge explained to Grice:

"I've listened very carefully to your attorney's motion for dispositional departure or durational departure. I'm persuaded that there are substantial and compelling reasons to dispositionally depart. I think that the facts of this case are substantially less than other thefts that occur in the community that are felonies.

"Your history, though, shows that you've got considerable issues with keeping away from other people's property and exerting unauthorized control over property; so for that degree, I'm going to order that you serve 60 days in jail, which is the maximum I can give you, but then suspend the prison sentence.

"The Court will also note that we are reaching an overcrowded limit at the prisons and were very close to reaching that last time I checked. It costs a considerable sum of money to incarcerate people in the—in the State institutions versus in the county jail, so that is also a factor that the Court weighs in determining the societal interest in seeing that you be punished:  one spending twenty-some thousand dollars, and one spending a couple hundred dollars or maybe a thousand dollars to keep you in our jail."

We begin by addressing whether the sentencing court's first reason for granting a departure—that the degree of harm or loss was substantially less than usual—can ever, as a matter of law, be a substantial and compelling reason to depart in any case. See *Bird*, 298 Kan. at 397-98. The answer to that question is found in K.S.A. 2012 Supp. 21-6815(c)(l)(E) which contains a nonexclusive list of mitigating factors which a district

5

court may consider when determining whether substantial and compelling reasons exist for a departure. Among the listed statutory mitigating factors is: "the degree of harm or loss was significantly less than typical for such an offense." In short, the sentencing court's first factor cited for granting a dispositional departure was, as a matter of law, a statutory mitigating factor that may, depending on the circumstances, justify imposition of a departure sentence.

Next, with regard to the degree of harm or loss mitigating factor, the State does not contest that there was substantial competent evidence in the record to prove this factor. See *Bird*, 298 Kan. at 397. Grice was convicted of feloniously stealing property valued at less than $1,000. In assessing whether the degree of harm or loss was significantly less than is typical, "[t]he issue is not what is required for a conviction, but what is typical in such a conviction." *State v. Myers*, No. 90,525, 2004 WL 1176634, at *2 (Kan. App. 2004) (unpublished opinion). The State candidly concedes that the "value of the item taken was relatively low." We are persuaded that a stolen item valued at $25.91 constitutes a harm or loss that is significantly less than is typical for defendants charged with stealing property valued at less than $1,000.

The State's primary complaint with regard to the first mitigating factor is that there were no substantial and compelling reasons to impose a departure sentence. See K.S.A. 2012 Supp. 21-6815(a). While the "State agrees that it may seem excessive to put someone in prison for stealing a $25.91 bottle of liquor in some cases," in the present case, the State asserts the sentencing court "disregarded the purpose of the habitual offender theft statutes by permitting probation."

In response, Grice emphasizes that departure was warranted under the facts of the case because it was consistent with the underlying principles of the Guidelines. In particular, Grice cites *Bird* for the proposition that, according to the Guidelines, sanctions should be imposed based on harm inflicted and incarceration should be reserved for

serious and violent offenders who present a threat to public safety. See *Bird*, 298 Kan. at 399.

Our resolution of this aspect of the State's appeal is informed by our standard of review, noted earlier, which provides that we must consider whether the sentencing court's decision was an abuse of discretion. 298 Kan. at 397. A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the court, (2) guided by an erroneous legal conclusion, or (3) based upon an error of fact. *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Was the fact that Grice committed a petty theft, which was significantly less harmful than a typical theft of property up to $1,000, a substantial and compelling reason to grant him probation given his lengthy criminal record as a habitual thief?

Both parties raise valid points. It is undisputed that the amount in controversy, $25.91, represents a petty theft that under typical circumstances would constitute a class A nonperson misdemeanor, not a felony conviction with a presumptive prison sentence. See K.S.A. 2012 Supp. 21-5801(b)(4). On the other hand, Grice's prior theft convictions merited enhanced punishment in this case as a severity level 9 nonperson felony. See K.S.A. 2012 Supp. 21-5801(b)(6). Given Grice's criminal history score of B, the Guidelines required a presumptive prison sentence ranging from 13 to 15 months, with the sentencing court imposing a 14-month term.

While other judges may properly disagree with the granting of a departure sentence in this case, given our standard of review, we are unable to conclude that the sentencing court's action was arbitrary, fanciful, or unreasonable such that no reasonable person would have taken the view adopted by the court.

In particular, it is clear from the sentencing court's comments that it carefully weighed the punitive aspects of granting the departure motion. The sentencing court noted that if Grice was imprisoned for 14 months he would be entitled to 20% good time credit. As calculated by Grice on appeal, this credit could have resulted in reducing his time of incarceration to about 11 months. While the sentencing court's granting of a departure precluded Grice's incarceration for several months, the defendant did not avoid punishment. In granting probation, the sentencing judge emphasized, "I'm going to order that you serve 60 days in jail, which is the maximum I can give you." The sentencing court then denied a request to delay imposition of the jail time, and Grice was committed to jail on the same day he was sentenced.

In this context, the sentencing court's departure decision does not seem arbitrary, fanciful, or unreasonable. While judges may differ on whether 14 or 11 months imprisonment compared to 2 months' incarceration in jail is appropriate punishment for a habitual thief who committed a petty theft, we are persuaded that, consistent with the Guidelines, the sentencing court exercised appropriate judicial discretion by predicating the departure sentence of probation with the punishment of 60 days' incarceration. As our Supreme Court has indicated, included within the underlying principles and legislative purposes of the Guidelines is the fact that "incarceration should be reserved for serious/violent offenders who present a threat to public safety" and "sanctions should be imposed based on harm inflicted." *Bird*, 298 Kan. at 399.

An appellate court must evaluate each departure sentence on its own merits and consider "'"the offense of conviction, the defendant's criminal history, and the departure reason stated, as well as the purposes and principles of the . . . Guidelines."'" *Martin*, 285 Kan. at 744. All things considered, we do not find an abuse of discretion in the sentencing court's determination that substantial and compelling reasons existed in this unique case to grant a dispositional departure.

8

As mentioned earlier, in addition to the lesser degree of harm or loss mitigating factor, the sentencing court also based its departure decision on overcrowded prison conditions and the high cost of prison confinement compared to jail confinement. A departure will be upheld on appeal if any of the factors articulated by the district court is substantial and compelling. *Bird*, 298 Kan. at 398. Given our holding that the first mitigating factor was a substantial and compelling reason to justify the imposition of a dispositional departure sentence, we decline to review the other two factors found by the sentencing court.

Affirmed.