NOT DESIGNATED FOR PUBLICATION

No. 114,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BENITO SANTANA MONTALBO,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed May 13, 2016. Sentence vacated and remanded.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*: The State appeals the district court's decision to grant Benito S. Montalbo's motion for a dispositional departure to probation. The record reflects the district court failed to articulate on the record why it was granting the dispositional departure motion to probation. With no specific reason stated on the record, we must vacate Montalbo's sentence and remand for resentencing.

1

Montalbo was arrested for driving while suspended. Officers seized morphine, marijuana, K2, and rolling papers from his person and vehicle at the time of his arrest. Montalbo entered a no contest plea in case No. 14CR32 to possession of morphine; possession of marijuana after a prior conviction; possession of AB-PINACA after a prior conviction; possession of AB-FUBINACA after a prior conviction; possession of FUBIMINA after a prior conviction; possession of codeine; possession of drug paraphernalia; a second or subsequent driving while cancelled, suspended, or revoked; and possession of clonazepam after a prior conviction. The district court accepted Montalbo's plea and found him guilty.

At sentencing, Montalbo asked the district court to grant him a dispositional departure to probation. In support, Montalbo argued he had been compliant on probation in another case, he supported a family, was employed, and he was a good candidate for probation. The State opposed the motion, arguing Montalbo's sentence was presumptive imprisonment under two special rules and he had received an additional benefit through plea negotiations when the State agreed to not file charges for the sale of controlled substances. The State also advised the district court it had just been informed by Montalbo's corrections officer there had been a request to revoke Montalbo's probation in two other cases for his failure to report to Community Corrections.

The district court found Montalbo's criminal history score was E. However, before sentencing him, the district court judge initially assigned to this case wanted to know what Judge Rose, who was presiding over Montalbo's other probation revocation motions (in case Nos. 08CR913 and 11CR581), would do about his new violations. The sentencing hearing was continued, and the case was officially transferred to Judge Rose on April 17, 2015, for sentencing with the two other pending motions to revoke his probation.

A joint hearing involving the motions to revoke probation in case Nos. 08CR913 and 11CR581 and to proceed with sentencing in case No. 14CR32 was scheduled before Judge Rose. At the hearing, Montalbo stipulated to violating his probation and requested reinstatement of his probation. The district court accepted Montalbo's stipulation and revoked his probation in case Nos. 08CR913 and 11CR581 and ordered him to serve his sentence in each case. The decision to revoke his probation is not an issue on appeal before this panel.

The district court then moved to sentencing in case No. 14CR32. Before making a decision on Montalbo's request for a dispositional departure, the district court allowed Montalbo to address the court. Montalbo informed the district court that since being released from prison on a 180-day intermediate sanction that had been previously imposed in case Nos. 08CR913 and 11CR581, with the exception of one positive drug test, Montalbo had been doing extremely well on probation. Montalbo stated the 6-month intermediate sanction had taught him that prison was not for him. Prison had changed his life and the way he approaches situations, and he was trying to get his life together. He had been drug free from July 2014 to May 2015 and had been working steadily to support his family despite suffering a work-related torn anterior cruciate ligament. Additionally, if Montalbo remained on probation, he would qualify for vocational rehabilitation which would be hard to complete in prison. Finally, despite pending motions in his other cases, Montalbo argued he had remained in the community complying with the conditions of his release.

The district court sentenced Montalbo in case No. 14CR32 to 20 months' imprisonment to run consecutive to his sentences in case Nos. 08CR913 and 11CR581. The district court then granted Montalbo's request for a dispositional departure in case No. 14CR32 to probation for 12 months following the completion of his underlying prison terms in case Nos. 08CR913 and 11CR581 stating:

"On 14 CR 32 the sentence is as follows: Count 1 20 months, Count II 11 months, Count III 11 months, Count IV 11 months, Count V 11 months, Count VI 11 months, Count VII 12 months in jail. Count VIII 12 months in jail, Count IX 11 months. All of the counts will run concurrent to Count 1 in that case. I will grant probation with Community Corrections from that sentence to, to begin as soon as Mr. Montalbo's release from prison. The probation period will be 12 months. The post release supervision period will be 12 months. I'm required to order the court costs of $193.00. The lab fee of $2,800.00. Mr. Stanton, there is no fine amount mentioned in the P.S.I. I'm not going to order that, rather than have our hearing need to be continued."

The journal entry states as a basis for departure: "A dispositional departure was granted based on the Defendant's motion." The State appeals the dispositional departure in case No. 14CR32.

## ANALYSIS

*Dispositional departures require specific findings by the district court.*

A departure sentence is subject to appeal by the defendant or the State. K.S.A. 2015 Supp. 21-6820(a). On appeal, the State argues "K.S.A. [2015 Supp.] 21-6815(a) requires a sentencing court to impose the presumptive sentence provided by the applicable sentencing guidelines grid unless the court finds substantial and compelling reasons to impose a departure." The State argues the record does not support any departure finding by the district court and, thus, the district court erred when it granted Montalbo's dispositional departure in case No. 14CR32 without stating its reason for granting the motion.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). When a departure is challenged on appeal, the appellate court applies a mixed standard of review. First, as a matter of law, did the district court state on the record its reasons for departure, and

4

second, using a substantial competent evidence standard of review, does the record support the particular reasons for a departure articulated by the sentencing judge? See *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). Appellate courts review the granting of a sentence departure motion for an abuse of discretion. *State v. Rochelle*, 297 Kan. 32, 45, 298 P.3d 293 (2013).

K.S.A. 2015 Supp. 21-6815(a) requires the district court to state on the record at the time of sentencing the substantial and compelling reasons for the departure.

> "The trial court is required to state for the record the substantial and compelling reasons for the departure at the time of sentencing. In this case, the trial court referenced the State's motion but did not state for the record its reasons for departure. K.S.A. 1999 Supp. 21-4716(a) [now at K.S.A. 2015 Supp. 21-6815(a)] specifically requires that the court state for the record the substantial and compelling reasons for departure at the time of sentencing. Merely referencing the motion filed by the State does not satisfy the requirements of 21-4716(a). This court will not review the record for aggravating factors which might have justified departure but which the district court failed to articulate. *State v. Salcido-Corral*, 262 Kan. 392, 415, 940 P.2d 11 (1997)." *State v. Whitesell*, 270 Kan. 259, 294, 13 P.3d 887 (2000).

"'"[U]nder the mandate of these provisions, the court's findings at the time of sentencing govern as to the reasons for departure."' [*State v.*] *Hines*, 296 Kan. [608,] 615[, 294 P.3d 270 (2013)] (quoting *State v. Blackmon*, 285 Kan. 719, 729, 176 P.3d 160 [2008])." *State v. Reed*, 302 Kan. 227, 251, 352 P.3d 530, *cert. denied* 136 S. Ct. 344 (2015); see *State v. Martinez*, 38 Kan. App. 2d 324, 329, 165 P.3d 1050 (2007).

The district court failed to articulate on the record at sentencing which factors it was relying on in granting Montalbo's motion for dispositional departure. Simply referencing in the journal entry that the dispositional departure was granted based on the defendant's motion was insufficient to meet the requirements of the statute. See *State v. Blackmon*, 285 Kan. 719, 729, 176 P.3d 160 (2008). When the district court fails to

articulate reasons for departure, the proper procedure is to vacate the sentence and remand for resentencing. *State v. Rhoads*, 20 Kan. App. 2d 790, 800-01, 892 P.2d 918 (1995).

Sentence vacated and remanded for resentencing.