NOT DESIGNATED FOR PUBLICATION

No. 115,017

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRAIG S. WILSON,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD, *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 24, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Whitney L. Casement*, assistant attorney general, for appellees.

Before GARDNER, P.J., ATCHESON, J., and STUTZMAN, S.J.

ATCHESON, J.:  Craig S. Wilson appeals the ruling of the Leavenworth County District Court dismissing his habeas corpus petition contesting the decision of the Prisoner Review Board to deny him parole. On appeal, Wilson couches the review board's action as violating his equal protection and due process rights secured in the Fourteenth Amendment to the United States Constitution. We disagree and affirm the district court.

In 1988, a jury sitting in Wyandotte County District Court convicted Wilson of two counts of aggravated criminal sodomy. The victim was a 5-year-old-child. In

1

conformity with the sentencing statutes in effect then, the district court sentenced Wilson to concurrent terms of 15 years to life in prison. The Kansas Supreme Court affirmed the convictions on direct appeal. *State v. Wilson*, 247 Kan. 87, 88, 795 P.2d 336 (1990). Wilson has since been denied parole multiple times.

In December 2014, the review board denied Wilson's request for release and passed any further consideration to January 2017. The review board specifically cited the serious nature of the crimes and Wilson's continued denial of responsibility for the offenses. Wilson has maintained he is innocent and, thus, says he was wrongly convicted. Wilson filed a petition under K.S.A. 60-1501 in Leavenworth County District Court challenging the denial of parole. The State filed a response. Following a hearing, the district court dismissed the petition. Wilson has appealed.

As an initial matter, the State suggests Wilson failed to present the constitutional claims he raises on appeal to the district court. The record indicates he mentioned at least briefly something along the line of his equal protection argument to the district court. We decline to impose a procedural bar to cut short Wilson's appeal and, instead, address the merits of his arguments.

A 60-1501 petition must describe a harm or injury to a person being held in government custody rooted in "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). For his first argument, Wilson contends the review board's decision deprived him of constitutional equal protection in the way it applied K.S.A. 2014 Supp. 22-3717(h), which sets forth criteria the review board should consider in ruling on a parole request. One criterion, added in 2008, is "proportionality of the time the inmate has served to the sentence a person would receive under the Kansas sentencing guidelines for the conduct that resulted in the inmate's incarceration." K.S.A. 2014 Supp. 22-3717(h).

2

Wilson contends the review board failed to apply that statutory "proportionality" to him in 2014. We fail to see the basis for such a conclusion.

Wilson is serving an indeterminate sentence between 15 years and life in prison for the sex offenses the jury determined he committed. Under the applicable parole eligibility rules, Wilson could be considered for conditional release after serving 15 years of his sentence, less any reduction for earned good time. K.S.A. 2014 Supp. 22-3717(a); K.A.R. 44-6-114c(a). But a proportionality review would not benefit Wilson. As of 2008, the sentence for aggravated criminal sodomy involving a victim under 14 years of age was life in prison without parole consideration for 25 years. See K.S.A. 21-3506; K.S.A. 21-4643. That remains the presumptive punishment. K.S.A. 2016 Supp. 21-5504(b), (c)(3); K.S.A. 2016 Supp. 21-6627(a)(1)(D). In short, a comparison of the time Wilson has served with the time he would serve for the same offense under the current criminal code shows no substantial disproportionality. The lack of disproportionality undercuts the basic premise of Wilson's argument.

Apart from that fatal flaw, Wilson does not identify an equal protection violation in the sense he defines a class or group to which he belongs that has been treated disadvantageously compared to some other class or group as a result of the criteria in K.S.A. 2014 Supp. 22-3717(h). See *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) ("Our equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'") (quoting *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S. Ct. 1101, 6 L. Ed. 2d 393 [1961]); *Reed v. Reed*, 404 U.S. 71, 75-76, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971) ("The Equal Protection Clause . . . den[ies] to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute."). Accordingly, he has not fashioned an equal protection claim for our review.

Wilson next argues the review board's decision deprived him of constitutional procedural due process.

Under Kansas law, parole remains discretionary with the review board. See K.S.A. 2016 Supp. 22-3717; *Bohanon v. Heimgartner*, No. 109,023, 2013 WL 3970213, at *3 (Kan. App. 2013) (unpublished opinion) (citing controlling cases). The denial of parole does not itself result in unlawful detention; rather, the prisoner simply must continue to serve a lawfully imposed term of incarceration. The Kansas Supreme Court has held that a prisoner, therefore, has no protected legal right to parole from a criminal sentence. *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 178-80, 756 P.2d 410, *cert. denied* 488 U.S. 930 (1988); see also *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11-12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (Nebraska statutory scheme provided parole shall be granted in certain circumstances—unlike Kansas law—thereby creating a liberty interest requiring some measure of due process protection). Parole entails neither a property right nor a liberty interest subject to the procedural due process protections of the Fourteenth Amendment. Accordingly, a Kansas prisoner cannot assert a constitutional deprivation based on a purported lack of procedural due process in a parole hearing—in contrast to a decision made arbitrarily or capriciously or based on impermissible prejudice, such as race or sex.

Wilson first suggests that *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), effectively overruled *Gilmore* and created a constitutional right to procedural due process in the administrative review of parole requests. But Wilson's suggestion misapplies *Sandlin*, as this court has already explained:

> "In [*Sandin*], the Court held that regulations related to the day-to-day management of penal institutions or the terms and conditions of confinement of inmates do not create protected liberty interests for those prisoners simply because they are written using mandatory rather than discretionary language. See 515 U.S. at 482-87. The *Sandin* decision did not deal with or affect the determination of a prisoner's liberty interest, if

any, in parole or some other form of early or conditional release from incarceration. See *Chappell v. Mandeville*, 706 F.3d 1052, 1063-64 & n.5 (9th Cir. 2013); *Ellis v. District of Columbia*, 84 F.3d 1413, 1418 (D.C. Cir. 1996) (*Sandin* did not overrule *Greenholtz* with respect to liberty interests in parole); *Valles v. Busby*, No. CV I4-1360-GAF, 2014 WL 1614615, at *2 n.4 (C.D. Cal. 2014) (unpublished opinion). In turn, Parks' argument that he has some sort of liberty interest in parole requiring procedural due process protections fails." *Parks v. Kansas Prisoner Review Board*, No. 111,412, 2014 WL 5801346, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1047 (2015).

We agree. See also *Tackett v. Pryor*, No. 112,850, 2015 WL 5311280 at *2-3 (Kan. App. 2015) (unpublished opinion) (adopting reasoning of *Parks*).

Wilson also contends the review board's stated reasons for denying his request for parole betray impermissible arbitrary or capricious decisionmaking. See *Parks*, 2014 WL 5801346, at *2 ("[W]e recognize the review board could not arbitrarily deny parole to an inmate—by flipping a coin, for example[.]"). He cites the terse reasons the review board gave for the denial as reflecting an arbitrary and capricious determination. And he says reliance on the serious nature of the crimes is similarly improper. We are unpersuaded.

Although, as Wilson points out, the facts of the crimes are immutable and nothing he does now can change those facts, that doesn't make the particular circumstances irrelevant or the review board's consideration of them somehow arbitrary. That sort of particularized review would seem to be the antithesis of arbitrariness. For example, the young age of the victim and Wilson's commission of multiple sex offenses against the victim reflect rational, case-specific reasons for denying parole. Likewise, the review board's reliance on Wilson's refusal to accept responsibility is a rational rather than an arbitrary reason to deny parole. *Cf. State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013) (acceptance of responsibility may be mitigating factor supporting a departure sentence). Wilson has not identified anything else in the record that would support his contention the review board acted arbitrarily or capriciously.

Having considered Wilson's arguments in light of the record, we find nothing to suggest the district court erred in denying the 60-1501 petition.

Affirmed.