NOT DESIGNATED FOR PUBLICATION

No. 117,325

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WENDY RENAE DEEVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed May 18, 2018. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Michael F. Kagay*, district attorney, *Rachel L. Pickering*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Wendy Deever pled guilty to interference with law enforcement, a severity level 8 nonperson felony. Deever's presentence investigation report put her at presumptive probation, but the district court granted an upward dispositional departure after finding Deever committed the crime with excessive brutality in a manner not normally present in that offense. The court imposed a 19-month prison sentence with 12 months' postrelease supervision. Deever appeals to this court arguing the district court erred in imposing the upward departure. We find no error by the district court in imposing the upward departure, and we affirm.

1

*Factual and Procedural Background*

Deever pled guilty to interference with law enforcement, a level 8 nonperson felony, after falsely accusing Officer Rex Vickers of beating and raping her. Deever's criminal history score put her in the presumptive probation box, but the State filed a motion for an upward dispositional departure asserting Deever's conduct during the commission of the offense manifested excessive brutality toward the victim in a manner not normally present in that offense. The parties agreed to an open plea where they would make sentencing recommendations at the sentencing hearing.

At sentencing, Deever argued the district court should not grant the upward departure because: (1) the State was only asking for the departure because the victim was a police officer and if the Legislature had intended to impose harsher penalties for victims that are police officers, it could have done so; (2) the fact that the officer was placed on administrative leave was a normal policy; and (3) probation was the better option because Deever wished to get treatment and counseling outside of jail. Deever admitted that the nature of these allegations was egregious.

The district court granted the upward departure and sentenced Deever to 19 months' in prison with 12 months' postrelease supervision to run consecutively with her probation sentence from a separate case. The district court found the aggravating factor of excessive brutality applied in this particular case.

In ruling, the judge stated:

> "I do find that the factor is—is present in this particular case. The allegation in this case
> was more severe than most allegations of false reporting to officers. Most times when we
> have an interference of a law enforcement officer an individual has reported their name as
> false, giving somebody else's name. That's the substance. In this particular case though,

2

you went further, and you made an accusation against the officer himself. That accusation was—occurred twice, apparently. Once it occurred to Detective Judd and then you further enhanced that allegation when you went to the District Attorney's Office and specifically reported that you had been raped by an officer at that time. It does not matter that the allegation is proved false at a later date. It does not matter how long the allegation—or the investigation really took, although it took a substantial amount of time in this particular case. The fact of the matter is, is that once you made that allegation, that became a black mark on that officer's character and will stay there forever, even though it [was] found later to be a false allegation, that mark is there. That undermines the confidence that the public has, and that officer and in police officers in general, not only Topeka police officer[s], Shawnee County Sheriff's Department, Kansas Bureau of Investigation officers, capitol police officers, any type of law enforcement officers. It develops a distrust by the public of officers that they are there to protect and serve those individuals—those members of the public, but they are there to commit crimes, basically, and you can't trust the officer.

"As I said, it's a permanent record. You cannot erase the allegation. It will always be there. And it must be—must be told or it must be given out to other individuals that—when that officer applies for a different job.

"In this particular case, I find it is substantial and compelling reasons, given the facts of this case, to grant the State's motion for a dispositional departure and I am going to grant it for those reasons."

*The district court did not err in imposing the upward dispositional departure sentence.*

Deever contends that the district court erred in imposing an upward dispositional departure sentence, arguing the district court's factual findings at sentencing are not supported by evidence and the reasons stated for departure are not substantial and compelling.

We apply a mixed standard of review when presented with a sentence departure challenge. We first look to see if there is substantial competent evidence to support the district court's articulated reasons for departure, and then we determine whether those

3

articulated reasons are substantial and compelling enough to justify departure from the presumptive sentence. *State v. Blackmon,* 285 Kan. 719, 724, 176 P.3d 160 (2008).

*The district court's factual findings are supported by evidence in the record.*

We look for substantial competent evidence when reviewing factual findings. "Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion." *State v. Garcia*, 297 Kan. 182, 186, 301 P.3d 658 (2013). When reviewing sufficiency of evidence, the appellate court will not reweigh the evidence or reassess witness credibility. *State v. Fulton*, 292 Kan. 642, 646, 256 P.3d 838 (2011).

First, Deever contends the district court's ruling suggests the court based its departure off of the general version of a false report to law enforcement instead of her actual crime. Deever argues that her actual crime, K.S.A. 2017 Supp. 21-5904(a)(1)(B), elementally requires a false report to law enforcement that an officer commits a felony, and therefore, the fact that the victim in this case was an officer cannot be used to support a finding of excessive brutality *not normally present in that offense*.

K.S.A. 2017 Supp. 21-5904(a)(1)(B) provides that interference with law enforcement is falsely reporting that "a law enforcement officer has committed a crime or committed misconduct in the performance of such officer's duties, knowing that such information is false and intending that the officer or agency shall act in reliance upon such information." While some of the district court's language at sentencing references the general instance of a false report, the judge also stated reasons that indicate the judge based the ruling off of the (a)(1)(B) elements.

Deever is incorrect that the statute elementally requires a false report the officer committed a felony. The statute only requires a false report the officer committed a *crime*

4

*or misconduct*. Deever is also incorrect that a statutory element cannot also be used as an aggravating factor. In fact, the idea that an element can be used as an aggravating factor is written into the departure statute. It provides:

> "If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the crime severity scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime." K.S.A. 2017 Supp. 21-6815(c)(3).

The Kansas Legislature added section (a)(1)(B) to the false report statute in 2014. Since then, there has been no Kansas precedent regarding this particular offense. However, there is precedent concerning when an element can also be used as an aggravating factor, as discussed in *State v. Brown*, 305 Kan. 674, 387 P.3d 835 (2017). In *Brown*, the defendant was charged with child abuse where the victim's age was an element of the crime. In addressing the application of the statutory aggravating factor of whether "the victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity," the court raised the issue of whether the element of the crime could also be used as an aggravating factor under K.S.A. 2015 Supp. 21-6815(c)(3). 305 Kan. at 695. The court held that the 14-month old child's "vulnerability due to his age compared to others within the range of ages encompassed by the statute could be an aggravating factor here." 305 Kan. at 696.

The court also addressed the excessive brutality factor. "[W]e note the excessive brutality of this crime would suffice independently as a reason to impose a departure sentence given that the extent of the child's injuries substantiate physical brutality well beyond that minimally necessary to commit child abuse." 305 Kan. at 697.

5

*Brown*, thus, suggests that an element of the offense can also support an excessive brutality finding when the defendant's conduct goes well beyond what is minimally necessary to commit the offense. Applying K.S.A. 2017 Supp. 21-6815(c)(3) in light of *Brown,* we must determine whether the district court's findings support an inference that Deever's crime is significantly different from the usual criminal conduct and whether her conduct went well beyond what is necessary to commit the crime.

Deever contends her crime is not different from the usual conduct for this offense because: (1) it was directed towards a law enforcement officer; (2) her conduct was not violent in nature which is typical for an excessive brutality finding; and (3) that a valid excessive brutality finding must relate to a defendant's conduct *during* the commission of the crime.

Conversely, the State contends that physical violence is not necessary for an excessive brutality finding. The State also argues that (a)(1)(B) was designed to broadly incorporate any false statement report made against a law enforcement officer, but Deever's accusation of rape (a severity level 1 person felony) was an "extremely severe criminal allegation" compared to the other criminal allegations incorporated by this statute.

In addressing the question of "brutality" we look at the common meaning and understanding of the term. The American Heritage Dictionary 238 (5th ed. 2011) succinctly defines "brutal" as: "1. Extremely ruthless or cruel. 2. Crude or unfeeling in manner or speech." Merriam-Webster's Collegiate Dictionary 159 (11th ed. 2004) more pointedly defines "brutal" as "grossly ruthless or unfeeling" as it "applies to people, their acts, or their words and suggests a lack of intelligence, feeling, or humanity." Significantly, the Merriam-Webster Collegiate Dictionary definition cites, as an example of typical usage in context, "a brutal slander."

6

We acknowledge the perception most excessive brutality cases involve actual physical violence. However, we have discovered no precedent, and none is cited by Deever, establishing that physical violence is required. Here the district court's finding of excessive brutality was based on the severity of the false accusation of rape against the officer as well as the established fact that Deever doubled down on her slander by making her false report of rape on two separate occasions to two different law enforcement agencies—the Topeka Police Department and the Shawnee County District Attorney's Office. Although the victim being a police officer is an element of the crime and is not unusual in itself, a reasonable person could reach the conclusion that it is indeed "grossly ruthless and unfeeling" i.e. "excessively brutal" for a person to repeat a false accusation of a high-severity crime in the manner pursued by Deever.

Thus, although Deever's conduct did not involve physical violence, her crime exhibited verbal brutality well beyond that minimally necessary to commit interference with law enforcement by simply making a false report of a crime or misconduct by the officer.

Deever also contends that a valid excessive brutality finding requires the conduct happen *during* the commission of the crime. Deever argues the result of the accusation staying on an officer's permanent record and the public's trust being undermined are only consequences of her conduct that happened *after* she committed the crime. Deever cites to *State v. Cox*, 258 Kan. 557, 579, 908 P.2d 603 (1995), to support her contentions, but *Cox* is inapplicable. The *Cox* court focused on an individual's involvement in a crime committed with excessive brutality and held that it would not use aider or abettor liability as the sole basis for sentence departure. 258 Kan. at 578-79. Here, Deever is not an aider or abettor, she is the principal of this crime. In contrast to *Cox*, the excessive brutality factor could apply to Deever's crime because she was involved in every portion of the crime.

7

Deever's argument also flies in the face of the rebuttable presumption that a person intends all of the usual consequences of their voluntary acts. It would defy explanation that Deever had any other intention here other than to ruthlessly besmirch the character and reputation of the officer and would have been aware that her false reports would have the serious consequences cited by the district court.

While Deever is correct that some of the facts stated for the departure happened after she made the false reports, the commission of the crime of this nature requires an ongoing investigation until the report is actually determined to be false. The minute she made the false report of rape, there was an instant black mark on the officer's character, and thus it is the essence of the commission of the crime. Like the scars from a brutal beating, the notation on the officer's record is now permanent.

All that is required for a substantial competent evidence finding is that there is legal and relevant evidence a reasonable person could accept as adequate to support the conclusion. Deever's counsel admitted at sentencing this was an egregious crime. The district court examined all the evidence presented. The appellate court will not reweigh the evidence or reassess witness credibility. Even though Deever's crime required a false report about a law enforcement official, a reasonable person could find a false accusation as severe as rape, reported on two separate occasions to two different law enforcement agencies, is unusual and goes above what is minimally required to commit the offense. Thus, there is sufficient evidence on the record to support a finding Deever's conduct manifested excessive brutality not normally present in the offense.

*The factual findings support substantial and compelling reasons to depart.*

Whether the reasons stated for departure are substantial and compelling is a matter of law over which we exercise unlimited review as to "whether the reasons, as a whole, are substantial and compelling reasons in this particular case." *State v. Martin*, 285 Kan.

8

735, 744, 175 P.3d 832 (2008). "'To be substantial the reason must be real, not imagined, and of substance, not ephemeral.' A reason is 'compelling' when it 'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.' [Citations omitted.]" *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013).

K.S.A. 2017 Supp. 21-6815 sets out the guidelines a judge must follow before imposing a departure sentence. Under section (a), the sentencing judge must impose the presumptive sentence "unless the judge finds substantial and compelling reasons to impose a departure sentence." The judge must state the substantial and compelling reasons on the record at sentencing. The district court may use a nonexclusive list of aggravating factors to determine whether substantial and compelling reasons for departure exist. K.S.A. 2017 Supp. 21-6815(c)(2). One of the aggravating factors listed is "[t]he defendant's conduct during the commission of the current offense manifested excessive brutality to the victim in a manner not normally present in that offense." K.S.A. 2017 Supp. 21-6815(c)(2)(B). The district court used this aggravating factor as its basis for Deever's departure.

"A departure sentence should be upheld when even one factor relied upon by the sentencing court is substantial and compelling." *Brown,* 305 Kan. at 694. "When even one factor relied upon by the sentencing court is substantial and compelling, the departure sentence should be upheld. Conversely, each individual factor, standing alone, need not be sufficient to justify the departure if the reasons collectively constitute a substantial and compelling basis for departure." *Bird*, 298 Kan. at 398.

Deever contends the reasons provided by the court for the upward departure are not substantial and compelling because departures are reserved for extraordinary cases. She argues this is not an extraordinary case because this type of conduct is what the

Legislature contemplated when it created K.S.A. 2017 Supp. 21-5904(a)(1)(B) and K.S.A. 2017 Supp. 21-5904(b)(1)(B).

The State argues one factor alone or all of them taken together support a finding of substantial and compelling reasons for the departure. The State contends the court specifically determined Deever's conduct was more severe than most allegations of false reporting because of the severity of the rape accusation and because Deever reported the accusation on two separate occasions.

The sentencing judge actually stated four reasons for departure: (1) it was more severe than most allegations of false reporting to officers and Deever made an accusation against the officer himself (normally an individual has reported a false name); (2) Deever made the accusation twice, once with the investigating detective and again with the District Attorney's office; (3) the allegation left a black mark on the officer's character and permanent record; and (4) the accusation undermines the public's trust in all law enforcement officers. As a whole, the judge determined these reasons constituted excessive brutality manifested toward a victim not normally present in that offense. The Legislature "specifically listed excessive brutality as an aggravating factor which may be considered in determining whether substantial and compelling reasons exist for departure. Thus, excessive brutality may constitute a substantial and compelling reason for departure. [Citations omitted.]" *State v. Eisele*, 262 Kan. 80, 85, 936 P.2d 742 (1997).

Although reporting a false crime against a police officer is the conduct the Legislature anticipated, Deever's case involves the enhanced severity of a rape accusation. Deever admitted that it was egregious. A rape allegation's consequences reach much further than other crimes or general misconduct. The judge recognized this and noted that this will leave a black mark on the officer's character and it does not matter that it was proven false later. It will always be a part of his permanent record that will be shown to all future employers. A rape accusation has a larger impact on the public's trust

10

than most crimes. As the judge stated, this accusation undermines the trust of all law enforcement officers, not just the Topeka police officers.

The factual findings support the conclusion that Deever's conduct manifested excessive brutality. The Legislature has specifically listed excessive brutality as a factor that may constitute a substantial and compelling reason for departure. The facts of this case support the idea that the sentencing court was forced to abandon the status quo and impose a sentence not normally imposed. The district court did not err in imposing the upward dispositional departure.

Affirmed.