NOT DESIGNATED FOR PUBLICATION

No. 118,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN M. BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed September 28, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM: Jordan M. Bell pled guilty to 10 crimes. He requested a departure from our sentencing guidelines to a shorter prison sentence. The court imposed a shorter prison sentence than called for by the guidelines but not as much as Bell wanted. On appeal, Bell claims the district court abused its discretion in not giving him an even shorter sentence than the court imposed. We find no merit in Bell's claim and affirm the district court.

The parties are well acquainted with the facts leading to Bell's convictions, and we need not recount them for purposes of this appeal. It suffices to say that Bell and the State

1

entered into a plea agreement under which one charge was reduced and a separate case pending against Bell was dismissed. Bell pleaded guilty to three counts of aggravated kidnapping, three counts of aggravated robbery, plus single counts of aggravated burglary, severity level 7 aggravated battery, severity level 4 aggravated battery, and aggravated sexual battery.

Bell moved for a downward durational departure of 166 months, arguing that he had taken responsibility for his actions, that he had no prior felony conviction, and that substance abuse contributed to his commission of the crimes. He also argued at sentencing that the degree of harm caused by his crimes was less than typical. Bell's victim addressed the court and explained how Bell's crimes changed her life and how she thought she was going to die the night Bell perpetrated these crimes.

The State opposed Bell's departure and recommended that the court impose consecutive prison sentences based on the high guideline number of 241 months for the aggravated kidnapping and the low number for the aggravated robbery. The State further recommended that these sentences run concurrent with the sentences for Bell's other convictions.

The district court granted Bell's request for a downward durational departure based on Bell's acceptance of responsibility. The court used a criminal history score of I for Bell instead of a criminal history score of H, resulting in a controlling sentence of 202 months.

In reviewing the extent of the sentencing court's imposition of a departure sentence, we consider whether the sentencing court abused its discretion in doing so. In our review, we measure whether the departure was consistent with the purposes of the Kansas Sentencing Guidelines and proportionate to the severity of Bell's crimes and his criminal history. See *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011); *State*

*v. Cato-Perry*, 50 Kan. App. 2d 623, 629, 332 P.3d 191 (2014). An abuse of discretion occurs when a judicial action is arbitrary, fanciful, or unreasonable, or is based on an error of law or fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Bell has the burden to show that the sentencing court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 38, 290 P.3d 562 (2012).

District courts impose the presumptive sentence provided by the sentencing guidelines absent substantial and compelling reasons that warrant a departure. K.S.A. 2017 Supp. 21-6815(a). K.S.A. 2017 Supp. 21-6815(c)(1) contains a nonexclusive list of mitigating factors that the district court can consider, but the court may consider other nonstatutory factors as long as they are consistent with the principles underlying the Kansas Sentencing Guidelines. *State v. Bird*, 298 Kan. 393, 398-99, 312 P.3d 1265 (2013). Our Supreme Court recognizes several principles underlying the Kansas Sentencing Guidelines:

> "[I]ncarceration should be reserved for serious/violent offenders who present a threat to public safety; sanctions should be imposed based on harm inflicted; sanctions should be uniform and not related to socioeconomic factors, race, or geographic location; penalties should be clear so as to be understood; individuals should not be sent to prison solely to gain education or job skills; and the system must be rational to allow policymakers to allocate resources. [Citation omitted.] In addition, this court has recognized three legislative purposes of the KSGA:  (1) to reduce prison overcrowding; (2) to protect public safety, and (3) to standardize sentences so similarly situated offenders are treated the same. [Citation omitted.]" *Bird*, 298 Kan. at 399.

The district court cited Bell's acceptance of responsibility for his actions and his admission of guilt as support for a downward departure. But Bell argues that additional factors support more of a downward departure than what the district court granted. He argues that he went along with and was influenced by a more experienced codefendant; that he only committed the crimes after drinking alcohol, smoking marijuana, and

3

ingesting mushrooms; that his substance abuse evaluation and psychological evaluation suggest a need for inpatient and residential treatment; that he has support from family members; and that he has experienced multiple traumatic events in his life.

Bell minimized his responsibility for his crimes. There is no evidence to support a number of his claims. He has a history of misdemeanor offenses and violence against women. He has two prior convictions for domestic battery against a former girlfriend. Bell was the only one of the three assailants who was physically violent toward the victim R.C. He punched her in the face and sexually assaulted her.

Reasonable people could agree with the district court's decision that Bell's acceptance of responsibility warranted a departure, but not to the extent that Bell requested. The district court's departure is consistent with the purposes of the Kansas Sentencing Guidelines and not disproportionate to the severity of Bell's crimes and his criminal history. The district court's decision was not arbitrary, fanciful, or unreasonable, nor was the decision based on a mistake of fact or law. The district court did not abuse its discretion in sentencing Bell.

Affirmed.