NOT DESIGNATED FOR PUBLICATION

Nos. 114,278
114,279

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

PRESTON JAMES BRISCOE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed May 13, 2016. Affirmed.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*: Preston James Briscoe pled no contest to two drug charges. Before sentencing, and citing his long history of drug addiction, the lack of harm caused by his crime, and his lack of personal gain, he moved for both a dispositional and durational departure. The district court denied the dispositional departure but sentenced him to a downward durational departure of 50 months' imprisonment for each offense. The State appeals. Because we find that the court did not abuse its discretion in granting a downward durational departure, we affirm.

1

FACTUAL AND PROCEDURAL HISTORY

In August 2014, the State charged Briscoe with 13 separate drug offenses. These charges all stemmed from a series of controlled methamphetamine buys between a confidential informant (CI), Briscoe's former roommate, and Briscoe. Briscoe both helped the CI contact his roommate and provided methamphetamine to the CI. A few days later, in a separate criminal case, the State charged him with four additional drug offenses. These new charges stemmed from a search of Briscoe's residence.

Briscoe agreed to plead no contest to one count of possession of methamphetamine with intent to distribute from each case. In return, the State dismissed all the other charges. The district court accepted both pleas.

Before sentencing, Briscoe moved for a downward dispositional and durational departure for both convictions. He argued that his long history of drug addiction, incarceration, and mental health needs (which he self-medicated with illegal substances) justified a departure sentence. He also pointed out his relatively passive role in the crimes, the lack of harm caused by the offenses, and his lack of pecuniary gain. He ultimately asked that the district court either grant a dispositional departure by placing him on probation with an assignment to drug court or sentence him to a durational departure of 24 months' imprisonment.

At sentencing, Briscoe's attorney reiterated a number of points in the motion, explaining that Briscoe first started using illegal drugs at the age of 14 and continued his use even while in prison. He emphasized that Briscoe acted only as a middleman, passing methamphetamine from the true supplier to the individual buyer. In fact, the attorney referred to Briscoe's role as "minor and passive" and not for individual gain. He therefore requested that the district court allow Briscoe the opportunity to obtain treatment and "become a productive citizen."

2

Briscoe echoed many of his attorney's sentiments, indicating that he used drugs while in prison as a young man to cope with the violence around him. Briscoe explained that he struggled to adjust after release, falling back into old habits and ultimately returning to prison. He struggled to find a job and place to live, leading him to reunite with other addicts and continue using drugs. In fact, Briscoe explained that his current crimes of conviction arose because he wanted "a free high." But he emphasized his desire to stay out of prison and change his life, saying:

> "But, I just, I want to do the right thing. I want to be sober. I want to have a job. I want to have kids. I want to learn how to drive a car and get a car. And I'm just too old for this, you know. But, I just . . . want to say, you know, just please, if you would show me some mercy."

The State opposed the motion, arguing that Briscoe served as "essentially the primary point of contact" in multiple drug transactions with an end goal of monetary gain. The State also contended that Briscoe's crime caused significant harm given the methamphetamine problems in the community and his position as "a fairly high ranking middleman, moving large quantities from one wholesale supplier, as it were, to street level dealers." Ultimately, the State argued that no substantial and compelling reasons for departure existed and recommended 73 months' imprisonment for each conviction with the sentences to run consecutively.

Based on the statements by counsel and Briscoe, the district court sentenced Briscoe to two 50-month sentences running consecutively. The district court rejected Briscoe's claims that the harm was less than in similar situations and that Briscoe received no personal gain from the transactions. In fact, the district court noted that Briscoe "appear[ed] to be minimizing his role to some extent" and determined that his involvement in drug distribution made him a poor candidate for drug court. But the district court also determined that Briscoe's history—including his "addictions, his

3

attempt at treatment"—and his current self-awareness of his need to address his addiction constituted substantial and compelling reasons to grant a durational departure. The district court also found Briscoe's "age and the opportunity for treatment, education, other skills, life skills, work, that are available in this community" important in deciding to grant a departure.

After the hearing, the State filed a motion for contempt and a motion for the district court to reconsider the departure sentence, based in part statements Briscoe made while on the telephone to his mother. The State also timely appealed.

ANALYSIS

On appeal, the State argues that the district court erred in granting Briscoe's motion for a durational departure. Specifically, the State challenges whether the substantial and compelling reasons to depart are supported by adequate evidence.

As a preliminary matter, Briscoe argues that the State failed to adequately brief this issue. Relying solely on *State v. Godfrey*, 301 Kan. 1041, 350 P.3d 1068 (2015), he argues that the State violated Kansas Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) by not providing a pinpoint citation to where it objected to his motion before the district court.

Although Supreme Court Rule 6.02(a)(5) clearly requires that litigants include "a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on," *Godfrey* concerned a wholly different part of the rule: namely, the portion requiring that a litigant justify why an issue not raised below may still be heard by the appellate court. 301 Kan. at 1043-44. And *Godfrey* followed several other cases reiterating that failure to comport with that particular part of the rule would result in the unpreserved issue being deemed abandoned. 301 Kan. at 1044. But nothing in that case

4

purports to address the remedy for a party's failure to provide a pinpoint citation. Given that the State clearly opposed Briscoe's motion at the district court level, Briscoe's argument about abandonment is unpersuasive.

Turning now to the merits of the case, when considering the propriety of a departure sentence, this court applies a mixed standard of review. Generally, we "first examine[] the record to see whether there is substantial competent evidence in support of the sentencing court's articulated reasons for granting a departure." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). If such evidence exists, we then determine whether the reasons for departure constitute "substantial and compelling reasons justifying a deviation from the presumptive sentence." 285 Kan. at 724; see K.S.A. 2014 Supp. 21-6815(a). The ultimate question of "whether the sentencing court based its conclusion that substantial and compelling reasons warranted a departure upon a proper weighing of the mitigating factors" is reviewed for an abuse of discretion. *State v. Theurer*, 50 Kan. App. 2d 1203, 1216, 337 P.3d 725 (2014), *rev. denied* 301 Kan. ___ (May 26, 2015).

K.S.A. 2014 Supp. 21-6815(c) provides a "nonexclusive list of mitigating factors [that] may be considered in determining whether substantial and compelling reasons for a departure exist." That said, district courts may also consider other, nonstatutory factors provided that those factors are supported by the evidence and consistent with the sentencing guidelines' intent and purpose. 50 Kan. App. 2d at 1215. Here, the district court relied on four nonstatutory factors: Briscoe's age, his history of drug abuse, his recognition of his issues (including his addiction), and the opportunity for him to obtain treatment, work, and life skills within the community. According to the State, however, these findings are without adequate evidentiary support.

But Briscoe's drug and alcohol assessment, filed with his presentence investigation report, clearly indicated that his drug use began at age 14 and, until recently, continued

unabated. He primarily used marijuana, but at the time of his arrest, he also used methamphetamines daily. The report also noted that Briscoe started treatment while on probation but that his arrest stopped him from completing the program. The report recommended intensive outpatient treatment with a possible need for a higher level of care. Obviously, Briscoe's long history of drug use and his need for treatment is well-documented in the record, and Briscoe acknowledged both things at sentencing. And as previously stated, both Briscoe and his counsel spoke at sentencing about his desire to become sober, gain life skills, and improve his situation. The district court obviously determined these statements to be credible, and this court cannot now reconsider that credibility assessment. See *State v. Favela*, 259 Kan. 215, 229, 911 P.2d 792 (1996).

In its brief, the State points to a wide variety of facts suggesting that Briscoe is a career criminal with no intention to obtain treatment or otherwise change his life. But substantial evidence is simply legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion, and certainly, that evidence exists here. See *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012). The district court placed more weight in Briscoe's statements than in the history the State outlines, and this court cannot reweigh that decision.

The State also suggests that the factors the district court relied on—Briscoe's age, his recognition of his issues, and his need and desire for treatment—are not substantial and compelling ones. In order for a departure factor to be substantial, "the reason must be real, not imagined, and of substance, not ephemeral." *Blackmon*, 285 Kan. at 724. And a compelling reason is one that, based on the facts of the case, forces the court "to abandon the status quo and to venture beyond the sentence that it would ordinarily impose." 285 Kan. at 724. If any of the factors articulated by the sentencing court would justify the departure sentence, the decision will be upheld on appeal, and a departure may still be justified by the collective factors even if no one factor standing alone would provide that justification. *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013).

6

To start with the issue of Briscoe's age, consideration of a defendant's age is analogous to the statutory factor concerning whether the defendant, "because of physical or mental impairment, lacked substantial capacity for judgment when the offense was committed." K.S.A. 21-6815(c)(1)(C); see *State v. Cato-Perry*, 50 Kan. App. 2d 623, 630, 332 P.3d 191 (2014), *rev. denied* 302 Kan. ___ (August 20, 2015). But in order for age to stand alone as a substantial and compelling reason for departure, the district court must "articulat[e] that it considered the defendant's age in the context of [his] relative immaturity." 50 Kan. App. 2d at 630-31. Otherwise, age may only be "'considered as part of the entire package.'" 50 Kan. App. 2d at 631. A review of the record in this case indicates that the district court never linked Briscoe's age to his maturity, meaning that his age alone cannot constitute a reason to depart. See 50 Kan. App. 2d at 631. But because age can combine with other factors to support the district court's decision, the other nonstatutory factors cited by the district court must still be considered.

All three of these remaining factors—Briscoe's addiction, awareness of his issues, and ability and desire to obtain services in the community—all appear to consider Briscoe's potential to be rehabilitated. Like with age, a defendant's amenability to rehabilitation, standing alone, will not constitute a substantial and compelling reason to depart. *Theurer*, 50 Kan. App. 2d at 1235. That said, the district court can include this evidence in "the overall picture . . . if other factors warrant a departure." 50 Kan. App. 2d at 1235. Importantly, if preexisting rehabilitation efforts are to serve as a departure factor, "these efforts should be geared towards addressing the defendant's behavior that caused the crime for which the defendant was convicted." 50 Kan. App. 2d at 1235. Here, the district court specifically highlighted both Briscoe's desire to become sober and the treatment efforts he undertook prior to his arrest in this case. His addiction was directly related to his crime of conviction.

The State cites no cases indicating that these factors cannot, in the aggregate, constitute substantial and compelling reasons. Moreover, as judicial discretion is only

7

abused when the "action is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the district court," the district court did not abuse its discretion here. See *Cato-Perry*, 50 Kan. App. 2d at 629. Briscoe expressed a desire to change his life by becoming sober, obtaining lawful employment, and learning to drive. The district court's decision to find these statements credible and grant him a downward durational departure is not unreasonable. Therefore, we affirm Briscoe's sentence.

Affirmed.