NOT DESIGNATED FOR PUBLICATION

No. 117,288

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

MARCUS J. HILL,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed September 29, 2017. Affirmed.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Sam S. Kepfield*, of Hutchinson, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: In this appeal the State contends the district court abused its discretion when it departed from a presumptive prison sentence and granted probation to Marcus J. Hill. In our analysis, we do not substitute our view for that of the district court in deciding whether Hill was entitled to a departure sentence. Rather, we confine our analysis to determining whether the district court's decision was guided by a finding of fact which is not supported by the evidence or by an erroneous or misapplied principle of law, or whether the district court's decision to depart was one with which no reasonable person would agree under the circumstances. Applying this high standard, we find no error and affirm.

1

FACTS

Hill is no stranger to the criminal justice system. But his current problems began in March 2016 when he was charged with possession of methamphetamine, hydrocodone, marijuana, and paraphernalia, and interference with law enforcement. He was released on bond after his arrest.

In June 2016, while out on bond, Hill visited his wife and his stepdaughters. During the visit one of the girls began pushing her sister and became argumentative when Hill intervened. Hill slapped the girl in the face and threatened to break the other girl's fingers if she called 911. The threat was not carried out. The court responded with a protective order preventing Hill from being in the presence of the girls. Hill violated the protective order by visiting the girls later that summer, causing the State to charge him with criminal threat, misdemeanor battery, and violating the protective order.

In November 2016, pursuant to a plea agreement with the State, Hill pled guilty to possession of methamphetamine, criminal threat, misdemeanor battery, and misdemeanor violation of the protective order. In exchange, the State agreed to dismiss the other charges and to recommend median controlling sentences for the convictions relating to Hill's stepdaughters, to be served after Hill served the sentence for his prior drug crime. The court accepted his pleas, found him guilty, and released Hill on bond pending the sentencing hearing.

Hill was age 32 at the time and had a criminal history score of A based on 39 convictions, including 6 person felonies. After being released on bond, Hill started working for a construction company and undertook steps necessary to obtain custody of his daughter. After his plea hearing he took up residence at an Oxford house and sought outpatient drug treatment. He found a room in an inpatient drug treatment facility, Miracles House, but lost his room prior to his sentencing hearing due to the limited

capacity of the facility. Hill was told that he would be able to get into the inpatient treatment program again in March or April of 2017. In the meantime, Hill participated in Miracles' intensive outpatient drug treatment program.

In January 2017, Hill moved for a downward departure sentence. For support he cited the following mitigating factors: (1) he pled guilty to his crimes and took responsibility for his actions; (2) he and the community would be better served by placing him on probation; and (3) since pleading guilty, he moved to an Oxford House, was participating in drug rehabilitation treatment, and had arranged for a bed at Miracles House for inpatient drug treatment.

The State opposed Hill's motion, arguing that Hill had two previous drug convictions and, under the special rule found in K.S.A. 2016 Supp. 21-6805(f)(1), his presumptive sentence was imprisonment. The State also argued that Hill presented no substantial and compelling reasons for a departure because he failed to timely seek out rehabilitation treatment and his criminal acts were committed while he was out on bond.

At Hill's sentencing hearing in February 2017, the district court granted Hill's request for a downward dispositional departure based on the reasons stated in Hill's motion. The court sentenced him to prison for 40 months with 12 months' postrelease supervision for the drug crimes, for 16 months for the criminal threat, for 6 months for the battery, and for 12 months for violating the protective order. But the court placed Hill on 12 months' probation for these convictions and ordered him to remain in custody for 60 days and to be released from custody only when a room was available for him at Miracles House.

The State appeals, claiming the district court abused its discretion in granting this dispositional departure.

3

ANALYSIS

K.S.A. 2016 Supp. 21-6815(a) requires the sentencing court to impose a presumptive sentence absent a substantial and compelling reason to grant a departure. The nonexclusive list of substantial and compelling reasons for granting a departure is found in K.S.A. 2016 Supp. 21-6815(c)(1). The court may rely on other reasons to depart that are consistent with the intent and the purpose of the sentencing act. *State v. Hines*, 296 Kan. 608, 616, 294 P.3d 270 (2013). The purposes of our sentencing guidelines are to standardize sentencing, to avoid bias in sentencing, and to reduce prison overcrowding. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994).

*The Special Rule*

As a threshold matter, we must consider whether a departure was available because of one of our special sentencing rules. Citing *State v. Kimberlin*, 52 Kan. App. 2d 15, Syl. ¶ 5, 362 P.3d 19 (2015), the State argues that Hill should not have been given a departure sentence because this is Hill's third drug conviction and the special rule in K.S.A. 2016 Supp. 21-6805(f)(1) requires that a "third or subsequent felony conviction [for possession of controlled substances] . . . shall be a presumptive term of imprisonment."

But K.S.A. 2016 Supp. 21-6805(f)(1) gives the court discretion to allow a defendant to participate in an intensive substance abuse treatment program in lieu of traditional imprisonment. Here, the district court required Hill to remain in custody for 60 days or until a room opened up in the inpatient drug treatment facility. Thus, the court was within its jurisdiction and within its discretion in allowing Hill to participate in a drug treatment program instead of going to prison.

4

*Review Standards*

When reviewing a challenge to a sentencing departure, we first determine whether there is substantial evidence in the record supporting the district court's articulated reasons for granting the departure. *State v. Reed*, 302 Kan. 227, 249, 352 P.3d 530 (2015). We then apply the abuse of discretion standard to determine whether a particular mitigating factor, or combination of mitigating factors, constituted a substantial and compelling reason for a departure under the given facts. *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013). Under the abuse of discretion standard, we will reverse only if the court's decision to depart was predicated on an erroneous assertion of fact or law or if no reasonable person would decide the matter in the way the district court did. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

■ *Substantial Evidence*

The district court granted Hill's departure motion because of (1) Hill's rehabilitation efforts including his enrollment in the Oxford house, his current outpatient drug rehabilitation treatments, and his willingness to participate in inpatient rehabilitation treatment at Miracles House; (2) his willingness to accept responsibility for his actions; and (3) the best interests of the community, which would be for Hill to be granted probation.

Substantial evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). Based on the facts from the record recited earlier in this opinion, and viewing the record in the light favoring Hill, the prevailing party below, we find substantial evidence in the record to support the reasons on which the district court relied. The issue now becomes whether the district court abused its discretion in finding that these reasons constituted a substantial and compelling reason to depart.

■ *Reason to Depart*

We have already determined that there is substantial evidence in the record to support the sentencing court's findings discussed above. Next, we must determine whether the district court abused its discretion in finding that these findings constitute substantial and compelling reasons to depart.

A reason for departure is substantial when it is "'real, not imagined, and of substance, not ephemeral.' [Citation omitted.]" *Bird*, 298 Kan. at 397. It is compelling when it "'forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose.' [Citation omitted.]" 298 Kan. at 397.

The first mitigating factor cited by the court was Hill's willingness to participate in an intensive substance abuse program. The State points out that Hill attended a few outpatient drug treatment classes for the first time after his latest release on bond in November 2016, and argues that this meager history should not be enough to grant a departure in light of Hill's extensive criminal history and other bad behavior.

The old adage "better late than never" applies to Hill. While late in coming, Hill demonstrated considerable efforts to set himself on a course of recovery. Rehabilitation efforts are a legitimate factor to consider in deciding whether to depart. *State v. Carriker*, No. 114,655, 2017 WL 2021411, at *7 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 7, 2017. This factor weighed in favor of granting a departure if supported by other mitigating factors which, when taken as a whole, constitute a substantial and compelling reason to depart.

The next mitigating factor cited by the court was Hill's willingness to take responsibility for his actions. At his sentencing hearing Hill stated, "I accept full

responsibility for my actions." Hill continued, "[I]t wasn't until I started to hold myself accountable and not blame other people when I really started to change because it's nobody else's fault but my own." The court stated, "What you said shows some understanding of your life and kind of perspective that shows some maturity." This factor weighed in favor of granting a departure, though it is hard to envision this factor as a stand-alone basis for departing. If it were so, every guilty plea, even those based on a favorable plea agreement, would constitute a basis to depart. Nevertheless, this factor, when combined with other mitigating factors, could constitute a substantial and compelling reason to depart.

Finally, the district court found it would be in the community's best interest for Hill to be granted a departure. In support of this factor, Hill's wife testified that Hill had gotten a job, was assuming his parental role for his child, and was a good father and a productive member of his family and community when he is not on drugs. The court found Hill's wife to be credible, noting that she would not subject her children to Hill's care if he was dangerous. Thus, the court was willing to give Hill this one opportunity to make himself a productive member of the community. This factor, if combined with other mitigating factors, could support a departure sentence.

While the State argued that Hill repeatedly violated the law and consistently abused drugs as well as people in the community such that it would not be in the best interest of the community to grant him probation, the court acknowledged this argument and Hill's criminal history but measured it against the recent advances Hill had made in his relations with his family and the community.

Finally, the State contends that Hill committing new violent crimes while out on bond from the drug charge is an aggravating factor that should prevent the court from allowing a departure. But in making its decision, the sentencing court considered Hill's conduct while out on bond and stated, "Those kids that are involved . . . they've been

7

damaged. They have been threatened by an adult . . . . I just hope you understand how serious all of this is and are ready to be different." So it cannot be said that the district court made a factual mistake by ignoring this assertion by the State.

■ *Weighing of Factors*

In weighing all these factors, we conclude that the district court did not abuse its discretion in granting Hill's departure motion. In arriving at this conclusion we do not balance these various factors de novo but rather consider whether a reasonable person, based on an accurate reading of the facts, could have come to the same conclusion as the district court in deciding Hill's motion.

Here, there is evidence that Hill was making progress toward becoming a safe and productive member of the community and that the community would not be served by placing Hill in prison. Hill obtained employment, took an active role in his family's life, started drug rehabilitation, and took responsibility for his current and past criminal actions. His wife testified that Hill was no longer taking drugs, was a good father, and was working diligently to overcome his addiction. The district court did not appear to come to its decision lightly and took steps to ensure that Hill's probation departure would be successful, as it required Hill to remain in custody until he could enter the inpatient drug rehabilitation program. Based on all of this, we find no abuse of the district court's discretion.

Affirmed.