NOT DESIGNATED FOR PUBLICATION

No. 122,003

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CAROL JANE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed June 11, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Shawn M. Boyd*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Carol Jane Smith appeals her sentence following her conviction of two counts of distribution of methamphetamine. Smith claims the district court erred in denying her motion for a dispositional departure. For the reasons explained below, we disagree and affirm the district court's judgment.

FACTS

On August 2, 2019, Smith pled guilty to two counts of distribution of methamphetamine. The presentence investigation (PSI) report calculated Smith's criminal

1

history score as E, which meant that she faced a presumptive sentence of 55-59-62 months in prison for count 1 and 46-49-51 months in prison for count 2. But under the plea agreement, Smith could file a motion for dispositional and durational departure.

Smith moved for a dispositional or durational departure before the sentencing hearing. In the motion, Smith stated that she intended to attend substance abuse treatment at her own cost if necessary, and she asserted that she was not a danger to the community. Smith asked the district court to grant a durational departure to a 12-month jail sentence or grant a dispositional departure and place her on probation with the condition that she complete substance abuse treatment at her own expense. Smith's motion did not state separate reasons supporting each requested departure.

The district court held the sentencing hearing on September 13, 2019. As contemplated in the plea agreement, the State recommended that the district court impose the mitigated prison sentence, while Smith reasserted her request for a dispositional departure. Although the district court found that substantial and compelling reasons existed to grant Smith's motion for durational departure, it also found that such reasons did not exist to grant a dispositional departure. The district court imposed a controlling sentence of 48 months' imprisonment with 36 months' postrelease supervision. Smith timely appealed her sentence.

Smith moved for summary disposition of her sentencing appeal, arguing the district court erred in denying her request for a dispositional departure and that it erred by using her criminal history to increase her sentence without proving it to a jury beyond a reasonable doubt. The State did not respond to Smith's motion for summary disposition. This court denied the motion for summary disposition and ordered the parties to file briefs without stating any reason.

ANALYSIS

In her brief, Smith claims the district court erred in denying her motion for a dispositional departure. She does not address her claim in the summary disposition motion that the district court erred by using her criminal history to increase her sentence without proving it to a jury beyond a reasonable doubt. An issue not briefed is considered waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). The State responds that the district court did not err by denying Smith's motion for a dispositional departure. We have jurisdiction to hear Smith's appeal because she received a departure sentence. See K.S.A. 2020 Supp. 21-6820(a); *State v. Looney*, 299 Kan. 903, 909, 327 P.3d 425 (2014).

The Kansas Supreme Court recently clarified and reframed the standard for reviewing a district court's decision on a motion for sentencing departure. See *State v. Morley*, 312 Kan. 702, Syl ¶¶ 1-2, 479 P.3d 928 (2021). But as for a reviewing court's analysis of whether a district court erred "when it concluded there was [or was not] a substantial and compelling reason to depart in a particular case," the standard remains as it has long been: we review for abuse of discretion. 312 Kan. at 711; *State v. Ibarra*, 307 Kan. 431, 433, 411 P.3d 318 (2018). A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. 307 Kan. at 433. The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2020 Supp. 21-6815(a), a district court generally "shall impose the presumptive sentence provided by the sentencing guidelines unless the judge finds substantial and compelling reasons to impose a departure sentence." "The term '"substantial"' in the departure context means '"real, not imagined, and of substance, not ephemeral."' *Morley*, 312 Kan. at 713. "A compelling reason is one that *forces* a court—

3

by the case's facts—to abandon the status quo and venture beyond the presumptive sentence." 312 Kan. at 714. 2020 Supp. 21-6815(c)(1) provides a nonexclusive list of mitigating factors that may impact a district court's decision on whether substantial and compelling reasons to depart exist.

The Kansas Supreme Court has recognized that taking responsibility for one's actions and posing a low risk of danger to the public may be mitigating factors that impact a district court's decision on a departure motion. *State v. Bird*, 298 Kan. 393, 398, 400, 312 P.3d 1265 (2013). Smith argues that her willingness to take responsibility for her actions—as shown by a desire to engage in drug treatment even at her own expense and by her guilty plea—and the lack of danger she would pose if granted probation—as shown by the lack of violent crimes in her criminal history—constituted substantial and compelling reasons that justified granting her a dispositional departure sentence. Thus, she argues, the district court abused its discretion in denying her motion for a dispositional sentencing departure.

The State disagrees, first asserting that Smith has failed to even argue that the district court's decision to deny her dispositional departure motion stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable. The State is correct. Smith's appellate argument asks us to reweigh the evidence and find that it supported granting a dispositional departure. But this court does not reweigh the evidence the district court considered, even in appeals of this nature. See *State v. Jolly*, 301 Kan. 313, 328, 342 P.3d 935 (2015). Moreover, although a reasonable person might agree with Smith that the district judge should have granted her request for dispositional departure, that is not the question before us. Instead, we must decide the inverse question: whether a reasonable person could have agreed with the judge's decision to deny Smith's request for probation instead of the presumptive prison sentence.

4

Under the circumstances of this case, we cannot say that no reasonable person could have agreed with the district court's decision to deny Smith's request for a dispositional departure. Smith's crimes involved selling methamphetamine twice to undercover officers. The presumptive sentence was imprisonment. The district court agreed with Smith's argument that her acceptance of responsibility and her lack of violent criminal history were reasons for a durational departure. But reasons that justify a durational departure do not always support a dispositional departure. The district court reasonably found that Smith failed to present substantial and compelling reasons to grant her request for probation. It did not abuse its discretion in doing so.

Affirmed.